980 So.2d 1164 (2008)
CHRISTIAN ROMANY CHURCH MINISTRIES, INC., Appellant,
v.
BROWARD COUNTY, a political subdivision of the State of Florida and Security Bank, N.A., Appellees.
No. 4D07-3139.
District Court of Appeal of Florida, Fourth District.
April 9, 2008.
Rehearing Denied May 30, 2008.
*1165 Lauri Waldman Ross of Ross & Girten, and Brian P. Patchen of Law Offices of Brian P. Patchen, P.A., Miami, for appellant.
Jeffrey J. Newton, County Attorney, Andrew J. Meyers, Chief Appellate Counsel, and James D. Rowlee, Assistant County Attorney, Fort Lauderdale, for Appellee-Broward County.
Steven Geoffrey Gieseler, Stuart, for amicus curiae-Pacific Legal Foundation.
STONE, J.
The church appeals an order allowing the county to condemn the church property through eminent domain. Although the church does not dispute that the taking would serve a public purpose, it asserts that the county has failed to show a reasonable necessity for the taking and is in violation of the Florida Religious Freedom Restoration Act (FRFRA). We affirm.
The county seeks to expand a substance abuse facility (BARC), requiring the church's relocation to a new site. The *1166 county plans to use two parcels of land for the BARC project; the other is owned by the county. The rest of the city block on which these two parcels are situated is also owned by the county. On that remaining, county-owned land, the county plans to build a sexual assault center.
There was testimony as to why the county needs to expand the BARC and the possible alternatives that were considered and rejected. The county considers the church property a desirable location for the BARC because the property is accessible by public transportation, is centrally-located, and close to other social service agencies and a medical center. Arguing against reasonable necessity, the church submits that the adjacent county-owned property would be large enough for the BARC if not used for the other planned purpose.
Addressing the FRFRA defense, the church claims that the condemnation amounts to a substantial burden on its exercise of religion. The church also argues that the trial court erroneously precluded the pastor's rebuttal testimony with regard to the substantial burden of the taking of the church. The pastor testified that he did not know where they will go if the church is taken, and he has no other place for holding religious education. Citing the Warner v. City of Boca Raton, 887 So.2d 1023 (Fla.2004) definition of "substantial burden" under FRFRA, the trial judge sustained the county's relevance objection. The church then proffered the pastor's testimony that outlined the services the church provides and repeated how he did not know where to go if the taking occurs.
In its order of taking, the trial court first found reasonable necessity for condemning the church property, concluding:
that the County has shown a reasonable necessity for the condemnation of this site. "Once a reasonable necessity is shown, the exercise of the condemning authority's decision should not be disturbed in the absence of bad faith or gross abuse of discretion." Canal Authority v. Miller, 243 So.2d [131, 135 (Fla.1970) (per curiam)]. The Church has not come forth with any evidence of bad faith or gross abuse of discretion. While the Church argues that the County failed to properly consider alternative locations and consider the safety of nearby schools which may be affected by this project, there is no evidence to support this argument. The County did put forth evidence that they considered alternatives to this site.
In considering whether the taking substantially burdens the exercise of religion, the trial court found no FRFRA violation:
The acquisition of this property through eminent domain will not force the Church's congregation to engage in any conduct that their religion would forbid, nor will it forbid them from engaging in any conduct their religion requires. While it may be inconvenient for the church to have to move its location, it will not present a substantial burden on the exercise of religion.
We conclude that the trial court did not err or abuse its discretion in finding reasonable necessity for the taking and no FRFRA violation.
The reasonable necessity finding includes both the amount and the location of the land to be condemned. See Canal Auth. v. Miller, 243 So.2d 131, 133 (Fla. 1970); see also City of Jacksonville v. Griffin, 346 So.2d 988, 990 (Fla.1977); Jones v. City of Tallahassee, 266 So.2d 382, 383 (Fla. 1st DCA 1972). The trial court's finding that the county has demonstrated a reasonable necessity for condemning the church's property is supported *1167 by competent, substantial evidence. See, e.g., Hillsborough County v. Sapp, 280 So.2d 443, 445 (Fla.1973) ("When the trial court approves the determination of reasonable necessity and finds no abuse of discretion, a reviewing court is then limited to deciding whether or not there was competent substantial evidence to support the decision of the trial court."). See generally § 73.021, Fla. Stat. (2006) (requiring that the contemplated property be "necessary for that [asserted] public use or purpose").
Generally, once there is a finding of reasonable necessity, based on competent, substantial evidence, "the landowner must then either concede the existence of a necessity or be prepared to show bad faith or abuse of discretion as an affirmative defense." Miller, 243 So.2d at 133. Here, the church does not assert any bad faith or gross abuse of discretion defenses, but insists only that the county lacks necessity for the taking. We note that there is no evidence of bad faith or gross abuse of discretion by the county.
Next, the church contends that even if the trial court correctly ruled on the reasonable necessity issue, the condemnation would violate FRFRA. This court reviews de novo the trial court's legal conclusions regarding FRFRA, and reviews for competent, substantial evidence the factual findings. Cf. Thiry v. Carlson, 78 F.3d 1491, 1495 (10th Cir.1996) (explaining the mixed standard of review of a claim under the federal RFRA).
Modeled after the federal RFRA, FRFRA states that:
The government shall not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, except that government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person:
(a) Is in furtherance of a compelling governmental interest; and
(b) Is the least restrictive means of furthering that compelling governmental interest.
§ 761.03(1), Fla. Stat. The party claiming a FRFRA violation "bears the initial burden of showing that a regulation constitutes a substantial burden on his or her exercise of religion." Warner v. City of Boca Raton, 887 So.2d 1023, 1034 (Fla.2004).
In Warner, our supreme court surveyed the federal case law and adopted a "narrow definition of substantial burden . . . [that] is most consistent with the language and intent of the FRFRA." Id. at 1033. Thus, under FRFRA, "a substantial burden on the free exercise of religion is one that either compels the religious adherent to engage in conduct that his religion forbids or forbids him to engage in conduct that his religion requires." Id. This inquiry is inherently fact-specific, analyzing whether the adherent's religious practice is obligatory or forbidden.
In Hollywood Community Synagogue v. City of Hollywood, 430 F.Supp.2d 1296 (S.D.Fla.2006), the synagogue claimed that denial of a permit to operate out of single family houses in a residential neighborhood violated FRFRA and RLUIPA (Religious Land Use and Institutionalized Persons Act). Id. at 1318 (noting that the "substantial burden" standard is the same under both statutes). The synagogue argued that the city's requiring that it shut down the synagogue constituted a substantial burden, as doing so "would adversely impact its ability to continue providing religious teaching and worship to the community." Id. at 1318.
The federal district court relied on the Eleventh Circuit opinion in Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1225 (11th Cir.2004), where that court "found that the fact that the congregations *1168 may be unable to find suitable alternative space did not create a substantial burden within the meaning of RLUIPA." City of Hollywood, 430 F.Supp.2d at 1318. The court also noted that the synagogues' current location in each case held no particular or unique "religious significance," especially because the synagogues did not prove that no other property was available to accommodate such practices. Id. at 1322.
In Men of Destiny Ministries, Inc. v. Osceola County, 20 Fla. L. Weekly Fed. D314, 2006 WL 3219321 (M.D.Fla.2006), the county refused to issue a permit and sought to evict MDM for a land development code violation. MDM provided services to men addicted to drugs or alcohol, and challenged the action as placing a substantial burden on its exercise of religion. Id. at *1-7. The court first found that MDM's services constituted a religious exercise under FRFRA. Id. at *7.
However, the County has not placed a substantial burden on that religious exercise, either through the Code itself or through their denial of the [permit]. The County's regulations do not preclude MDM from engaging in this religious exercise. MDM is free to run its rehabilitation program in the other areas of the County that are zoned for the sort of facility it currently operates. And MDM may attempt to rehabilitate these individuals in other ways, such as by operating through counseling rather than by operating an in-patient facility. So long as MDM remains able to attempt to rehabilitate drug addicts and alcoholics, its religious exercise has not been substantially burdened under the FRFRA.
Id.
The church's insistence that a specific church building for holding worship services is fundamental to religious exercise under the statute is unpersuasive. Our supreme court expressly rejected any definition of substantial burden other than that compelling conduct or that forbidding conduct. By no stretch does an otherwise valid condemnation fall within these limits. There is nothing about this location that is unique or integral to the conduct of the religion.
We also conclude, with regard to the trial court's sustaining the county's relevance objection to the pastor's rebuttal, that the trial court did not abuse its discretion. The proffered testimony did not relate to whether the taking would meet the definition of substantial burden by precluding the church from engaging in any conduct mandated by the Romany religion. The proffer simply outlined the services the church provides at its existing location.
We recognize that if the church had met its obligation to prove that there was a substantial burden, within the Warner parameters, the government would then bear the burden of establishing that the taking was the least restrictive means of furthering a compelling interest. See Warner, 887 So.2d at 1034 (citing § 761.03(1), Fla. Stat. (2003)); see also City of Boerne v. Flores, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997) (classifying the test as "the most demanding test known to constitutional law"). However, here, we do not need to reach this issue, as, applying the Warner test, the condemnation does not substantially burden the exercise of religion. After properly concluding that the church failed to satisfy its threshold burden, the trial court correctly did not reach this second part of FRFRA analysis.
Therefore, the order is affirmed.
WARNER and GROSS, JJ., concur.