IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FR. VINCENZO RONCHI,

      Petitioner,

 v.

Case No.  5D18-194

STATE OF FLORIDA AND LOREN
TIM BURTON,

      Respondents.

_____/

Opinion filed June 15, 2018

Petition for Certiorari Review of
Order from the Circuit Court
for Orange County,
John Marshall Kest, Judge.

Kevin W. Shaughnessy, Caroline M.
Landt, and Meagan L. Martin, of Baker &
Hostetler, Orlando, for Petitioner.

Aramis D. Ayala, State Attorney Ninth
Judicial Circuit of Florida, and Jenny R.
Rossman, Chief, Sex Crimes Unit, and
Cherish Renee Adams, Sex Crimes Unit,
Assistant State Attorneys, Orlando, for
Respondent, State of Florida.

No Appearance for Respondent, Loren
Tim Burton.

PER CURIAM.

Father Vincenzo Ronchi, a Catholic priest, seeks certiorari review of an order requiring him to testify in a criminal case regarding certain communications that took place during the Sacrament of Reconciliation (commonly referred to as "Confession"). We have jurisdiction.[1] Concluding that the trial court's order contravenes Florida's Religious Freedom Restoration Act ("FRFRA"), we grant the petition.

In June 2017, Loren Burton was charged in a four-count information with committing sexual offenses against a minor. The charged offenses were alleged to have occurred when the alleged victim was seven years old and when she was thirteen years old. The record reflects that the criminal investigation of Burton commenced after the alleged victim, then seventeen years old, disclosed to her mother that she had been sexually abused by Burton.

In August 2017, the State filed a notice of intent to introduce child hearsay statements at trial pursuant to section 90.803(23), Florida Statutes (2017). That statute permits the introduction of out-of-court statements made by a child victim with a physical, mental, emotional, or developmental age of sixteen or less that describe any act of sexual abuse against the child provided that, inter alia, the time, content, circumstances or the

---

[1] Fla. R. App. P. 9.030(b)(2)(A). Certiorari relief is appropriate when an order departs from the essential requirements of the law and causes material injury to the petitioner that cannot be remedied on appeal. *See Martin-Johnson v. Savage*, 509 So. 2d 1097, 1100 (Fla. 1987); *see also Nussbaumer v. State*, 882 So. 2d 1067, 1071-72 (Fla. 2d DCA 2004) (holding that appellate court had jurisdiction over pastor's petition for writ of certiorari regarding his claim of clergy communications privilege over records relating to his counseling of defendant in child molestation prosecution; pastor did not have adequate remedy by appeal because he was not party to criminal proceeding, so only way he could test court's order to compel him to testify, other than by certiorari, was to risk contempt citation and then appeal if cited for contempt).

statement provide sufficient safeguards of reliability.[2]  Here, the State alleged that when

the alleged victim was fifteen years old, she disclosed to Ronchi that Burton had sexually

abused her.

---

[2] Section 90.803(23), Florida Statutes, provides:

> 90.803. Hearsay exceptions; availability of declarant immaterial
>
> (23) Hearsay exception; statement of child victim.—
>
> (a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 16 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
>
> 1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
>
> 2. The child either:
>
> a. Testifies; or
>
> b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).

Upon being served a witness subpoena, Ronchi filed a Motion for Protective Order Limiting Testimony. In his motion, Ronchi alleged that the State intended to question him regarding communications that may have taken place between a penitent and Ronchi during the Sacrament of Reconciliation. The motion further alleged that requiring Ronchi to testify as to any aspect of a Confession would violate the "sacred seal of the Catholic Sacrament of Reconciliation" and, as such, would violate Ronchi's constitutional rights under the First Amendment to the United States Constitution. Ronchi further alleged that any such communication would be privileged under section 90.505, Florida Statutes (2017).[3] Ronchi contended that the Catholic Church forbids a priest from disclosing any aspect of a penitent's communication during the Sacrament of Reconciliation and, indeed, is sanctionable by excommunication from the Church. Ronchi subsequently filed a supplement to his motion, alleging that the coercion of his testimony would violate FRFRA (§§ 761.01–.061, Fla. Stat. (2017)).

---

(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.

(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.

[3] Section 90.505(2), Florida Statutes (2017) provides that a person "has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication by the person to a member of the clergy in his or her capacity as spiritual advisor."

In its written response, the State proffered that the alleged victim, now an adult, had waived any privilege attached to her prior communications with Ronchi regarding Burton. The State further argued that the only evidence it had to corroborate the alleged victim's anticipated trial testimony was her prior statement to Ronchi. The State contended that based on the alleged victim's waiver, her communications with Ronchi were no longer privileged under section 90.505. Finally, the State argued that it had a compelling interest in the successful prosecution of child sexual abuse and that the least restrictive means to further this strong governmental interest was to compel Ronchi's testimony. In a supplemental written response, the State proffered that it would produce evidence that during a conversation between Ronchi, the alleged victim's mother, and a friend of the mother's, Ronchi had acknowledged the alleged victim's disclosure of sexual abuse to him.

The trial court subsequently conducted an evidentiary hearing. At the hearing, the mother's friend testified that during a conversation between her, the alleged victim's mother, and Ronchi, Ronchi acknowledged that the alleged victim had previously disclosed to him that she had been molested by Burton. This conversation took place shortly after the alleged victim had disclosed the sexual abuse to her mother. The alleged victim's mother appeared to have a different recollection of the conversation. In response to the court's question as to whether Ronchi had acknowledged that the alleged victim had previously disclosed the abuse to him, the mother testified "[N]ot directly, but it could be understood from the conversation."

Ronchi did not testify at the evidentiary hearing, but did present the testimony of Father Joseph Waters, both a priest and a judicial vicar in the Catholic Church. Waters

5

was examined extensively about his affidavit that had previously been filed with the court. In his affidavit, Waters averred that a Catholic priest is prohibited from disclosing any aspect of a penitent's communication during the Sacrament of Reconciliation including but not limited to, the penitent's participation in the Sacrament, the nature of the confession, the priest's mental impressions of the confession, and the priest's communications to the penitent during Reconciliation, even if disclosure is agreed to by the penitent. Reverend Waters further opined that violations of the Sacrament are considered among the most grave violations of Church law and would subject a priest to excommunication from the Church.

The trial court ultimately entered a written order granting Ronchi's motion for protective order, in part, and denying the motion, in part. In its order, the trial court found that the communications between Ronchi and the alleged victim had occurred within the Sacrament of Reconciliation. This finding is supported by the record. The trial court then focused almost exclusively on the application of Florida's Evidence Code in ruling on Ronchi's motion. Specifically, the trial court determined that: (1) the communications between Ronchi and the alleged victim were privileged under section 90.505, (2) the privilege could be asserted by both Ronchi and the alleged victim, and (3) Ronchi had partially waived the privilege during his conversation with the alleged victim's mother and her friend to the extent that he disclosed the identity of the penitent and that "the subject of the disclosure was sexual abuse." The court concluded that Ronchi must respond to the subpoena and could be questioned about "the existence of the confession, the identity of the penitent, and that the subject matter involved sexual abuse." However, the trial court granted the motion for protective order "as to the content of any other

6

communications between [Ronchi] and the victim during the Sacrament of Reconciliation, and [Ronchi's] impressions, actions or omissions as they relate to communications made during the Sacrament of Reconciliation."

Although the trial court focused on whether the communications between Ronchi and the alleged victim were privileged under section 90.505 and whether that privilege had been waived, we believe that this case is controlled by the application of FRFRA. The Florida Supreme Court has declared that the protection afforded to the free exercise of religiously motivated activity under FRFRA is broader than that afforded by the decisions of the United States Supreme Court. *Warner v. City of Boca Raton*, 887 So. 2d 1023, 1032 (Fla. 2004). Because the protections afforded an individual under FRFRA are broader than those afforded under the Free Exercise Clause of the First Amendment to the United States Constitution, it is unnecessary for us to address Ronchi's argument that his constitutional rights have been violated by the trial court's order.[4]

FRFRA expressly provides that the government shall not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, unless the government demonstrates that the application of the burden to the person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. § 761.03(1), Fla. Stat. (2017).

A substantial burden on the free exercise of religion is one that either compels the religious adherent to engage in conduct that his religion forbids or forbids him to engage

---

[4] Furthermore, Florida courts adhere to the long-standing principle of judicial restraint that favors avoiding a constitutional question when the case can be decided on statutory, or nonconstitutional, grounds. *See In re Holder*, 945 So. 2d 1130, 1133 (Fla. 2006).

7

in conduct that his religion requires. *Warner*, 887 So. 2d at 1033. In the instant case, the record establishes that if Ronchi complies with the State's demand that he testify as to his communications with the alleged victim during the Sacrament of Reconciliation, Ronchi would be forced to engage in conduct that is prohibited by the Catholic Church (and, indeed, would subject him to possible excommunication from the Church). Thus, the trial court's order can only be upheld if the State establishes that coercing Ronchi's testimony furthers a compelling governmental interest and is the least restrictive means to further that interest.

Here, it is undisputed that the State has a compelling governmental interest in prosecuting sex offenses perpetrated against children. *See Grady v. State*, 701 So. 2d 1181, 1182 (Fla. 5th DCA 1997) ("We find the charged offense in the instant case, . . . , falls within [the] category of crimes where the state has a compelling interest in protecting underage persons from being sexually abused or exploited.").

However, we disagree with the State's contention that coercing Ronchi to testify regarding communications that occurred during the Sacrament of Reconciliation, in contravention of his sincerely held religious beliefs, would be the least restrictive means to further its compelling governmental interest of prosecuting Burton. First, as the State acknowledges, the testimony of Ronchi would, at most, be corroborative evidence. There is no allegation that Ronchi was a witness to any sexual abuse. Second, this case does not involve a child victim who, because of his or her tender age, might be unable to adequately testify as to the alleged sexual abuse. The alleged victim in this case is now an adult, and there is nothing in the record that suggests that she would be unable to testify as to the relevant events. Third, pursuant to section 90.803(23), the State could

8

seek to have the alleged victim testify as to her purported prior disclosure of sexual abuse to Ronchi.[5]

Because we conclude that the trial court's order contravenes FRFRA, we grant the petition and quash the trial court's order to the extent that it required Ronchi to "respond to the subpoena and . . . be questioned about the existence of the confession, the identity of the penitent, and that the subject matter involved sexual abuse."

PETITION GRANTED.

TORPY and EVANDER, JJ., concur.
ORFINGER, J., concurs, with opinion.

---

[5] We would also suggest that authorizing Ronchi to testify that the alleged victim had made a prior disclosure of sex abuse to him, but precluding him from testifying as to the details of that disclosure, would raise significant concerns as to Burton's constitutional right to confront and cross examine the witnesses against him.

9

I concur entirely with the majority opinion. I write separately to express my view that the trial judge erred by concluding that Father Ronchi waived the clergy privilege by allegedly disclosing certain information to the victim's family.

There is no doubt that the statement made by the alleged victim to Father Ronchi during Confession was privileged. Thus, the issue that must be determined is whether the clergy member can waive the privilege. To answer this question, one must examine two statutes—sections 90.505 and 90.507, Florida Statutes (2017). Section 90.505(2) and (3) recognizes that the clergy privilege belongs to the person seeking spiritual advice. "The privilege does not belong to the member of the clergy, but the clergy may claim the privilege on behalf of the holder." 1 Fla. Prac., Evidence § 505.3 (2018 ed.). This is consistent with section 90.507, which provides that the person who has the privilege waives it by voluntary disclosure. See 1 Fla. Prac., Evidence § 507.1 (2018 ed.) ("If the person to whom the privileged communication was made, e.g., a psychotherapist or a lawyer, discloses the information without the authority from the client or patient, the privilege is not waived because the holder did not make or consent to the disclosure."). Thus, to me, it is clear that while the clergy can assert the privilege, only the penitent can waive it.

Even assuming, without deciding, that Father Ronchi disclosed privileged information to the alleged victim's family, his actions could not waive the privilege.