[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11832

_____

FERNANDO STAPLE,

Plaintiff-Appellant,

*versus*

THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-62313-CMA

_____

2                    Opinion of the Court                    21-11832

Before BRANCH and LUCK, Circuit Judges, and ANTOON,[*] District Judge.

LUCK, Circuit Judge:

Fernando Staple requested a modified work schedule from his employer, the School Board of Broward County, because his religion requires abstaining from secular work on his Sabbath, which begins at sundown on Friday.  After his request was denied, Staple sued the school board, alleging that it failed to reasonably accommodate his religious practice in violation of Title VII and the Florida Civil Rights Act.  He separately alleged the school board substantially burdened his Sabbath observance in violation of the Florida Religious Freedom Restoration Act.  But the district court dismissed Staple's complaint because he failed to state a claim for relief under any of those statutes.  And the district court concluded that Staple lacked Article III standing to seek declaratory and injunctive relief under the Florida Religious Freedom Restoration Act.

Staple argues on appeal that the district court erred in dismissing each claim.  He's partly right.  We conclude that the district court erred in dismissing his claims under Title VII and the Florida Civil Rights Act for failure to state a claim.  But, although Staple has standing to seek his requested relief under the Florida Religious Freedom Restoration Act, the district court correctly concluded he

---

[*] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

failed to state a claim under that statute.  Accordingly, we affirm in part, reverse in part, and remand for further proceedings on the Title VII and Florida Civil Rights Act claims.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Staple is a member of the Seventh Day Adventist Church. Seventh Day Adventists like Staple observe the Sabbath on Saturday, and, "in order to keep the weekly Sabbath holy," they "abstain from secular work from sun-down on Friday through sun-down on Saturday."

When Staple began working as a bus operator for the school board in 1991, he requested and received a modified schedule accommodating his Sabbath observance.  The modified schedule allowed Staple to start work early on Fridays during the winter months (when the sun sets earlier) so that he could leave before sundown.  The school board also had other employees fill in for Staple during Sabbath hours.  This arrangement allowed Staple to work a full day outside of Sabbath hours so that he could observe them without taking any paid leave.

Staple requested the same modified schedule after being promoted to shift supervisor in 1994 and terminal manager in 1997. The school board granted those requests too, continuing to allow Staple to start work early on winter Fridays so that he could leave before sundown.  That's how things stood until Staple's retirement in 2017.

Staple was rehired by the school board as an afternoon shift supervisor in 2018.  Again, he asked that the school board assign

him the same full work schedule outside of Sabbath hours for winter Fridays.  The school board initially granted that request.  But about a month later, the school board backpedaled, telling Staple that he had to formally request the modified schedule through its equal opportunity department.  Staple submitted the formal request as directed.  The school board didn't allow Staple to work under his old modified schedule while the request was pending.  Instead, the school board required him to use his accrued paid leave to abstain from working Sabbath hours.

The school board "denied" Staple's formal request, again directing that he use paid leave for observing Sabbath hours.  The school board explained that when Staple did not work Sabbath hours during the normal Friday shift, transportation specialists in the same bargaining unit had to cover for him.  That practice, according to the school board, conflicted with labor laws "because it resulted in bargaining unit employees supervising other employees in the same bargaining unit."  But the school board regularly uses transportation specialists from the same bargaining unit to cover for other absent shift supervisors.  Transportation specialists from the same unit also cover for Staple when he uses paid leave to observe the Sabbath.

Staple filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right-to-sue letter.  He then filed this lawsuit against the school board.  His operative amended complaint alleged three counts.  Counts one and two were religious discrimination claims for damages under

21-11832                Opinion of the Court                5

Title VII and the Florida Civil Rights Act, alleging the school board failed to reasonably accommodate Staple's religious practice of observing the Sabbath. Count three was a Florida Religious Freedom Restoration Act claim, requesting a declaration and injunction that the school board could not "condition[ Staple]'s observance of Sabbath [h]ours on the exhaustion of accrued paid leave." It alleged that the school board substantially burdened Staple's religious beliefs by "requiring [him] to exhaust his accrued leave in order to comply with [those] beliefs."

The school board moved to dismiss the amended complaint, and the district court granted the motion. It dismissed counts one and two—the religious accommodation counts—for failure to state a claim. The district court explained that religious accommodation claims have "separate and distinct" elements from disparate treatment claims under Title VII's disparate treatment provision, 42 U.S.C. § 2000e-2(a)(1). One separate and distinct element, in the district court's view, relates to what employment practices are actionable: although adverse employment actions that fall short of discharge or discipline are enough for disparate treatment claims, a religious accommodation claim requires the plaintiff to be "discharged or disciplined for failing to comply" with a job requirement. Staple's religious accommodation claims, the district court concluded, fell short because he "ha[d] not alleged he was discharged or disciplined for failing to work during th[e] Sabbath hours."

The district court separately dismissed count three for two independent reasons. First, the district court determined that Staple did not have standing to seek declaratory and injunctive relief under the Florida Religious Freedom Restoration Act. It reasoned that Staple's future injury was "contingent," at best, because he did not allege that he was likely to run out of paid leave to use for Sabbath hours, nor did he allege the school board would compel him to work those hours if he ran out of leave. Second, the district court concluded count three failed to state a claim on the merits. The district court explained that the Florida statute requires a "substantial burden" on religious exercise but, again, Staple didn't allege the school board compelled him to work Sabbath hours; "in fact, the arrangement appear[ed] to do the opposite" by allowing Staple to use his paid leave.

Staple appeals the dismissal of his religious accommodation claims and the Florida Religious Freedom Restoration Act claim.

## STANDARD OF REVIEW

We review de novo orders granting a motion to dismiss, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Taylor v. Polhill*, 964 F.3d 975, 979 (11th Cir. 2020) (quoting *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008)).

## DISCUSSION

Our analysis proceeds in two parts. We begin with the district court's dismissal of Staple's religious accommodation claims

under Title VII and the Florida Civil Rights Act.[1]  We then turn to the dismissal of his Florida Religious Freedom Restoration Act claim.

*Religious Accommodation Claims*

Title VII's disparate treatment provision prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).  "The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 2000e(j).  As the statutory text shows, "Title VII imposes on employers both a negative duty not to discriminate" because of an individual's religion "and a positive duty to accommodate" his religious practices. *Hebrew v. Tex. Dep't of Crim. Just.*, 80 F.4th 717, 721 (5th Cir. 2023).

---

[1] We consider these claims together because "decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (noting that the state statute "was patterned after Title VII").  So if Staple sufficiently alleged his Title VII claim, he sufficiently alleged the companion state-law claim. *See id.*; *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 n.6 (11th Cir. 2015).

The district court concluded Staple had to plead "he was discharged or disciplined for failing to work during th[e] Sabbath hours" because a religious accommodation claim has "distinct" elements from what the disparate treatment provision requires, 42 U.S.C. § 2000e-2(a)(1), and one distinct element of a religious accommodation claim is "discharge[]" or "discipline[]." It relied on statements from some of our older cases that a religious accommodation claim requires the plaintiff to be "discharged for failing to comply with [a] conflicting employment requirement" although lesser adverse actions are enough for disparate treatment claims. *See Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1321 (11th Cir. 2007) (quoting *Beadle v. Hillsborough Cnty. Sheriff's Dep't*, 29 F.3d 589, 592 n.5 (11th Cir. 1994)).

But, to the extent some of our older cases have said or implied the adverse action element of a religious accommodation claim is distinct from a disparate treatment claim, that's not the case anymore. Employment practices that are actionable under a religious accommodation claim are the same as the ones actionable for any other claim under Title VII's disparate treatment provision. That's because, as the Supreme Court made clear in *EEOC v. Abercrombie & Fitch Stores, Inc.*, Title VII creates no distinct failure-to-accommodate cause of action. 575 U.S. 768, 771–72 (2015). Instead, the Court explained, a religious discrimination claim "based on a failure to accommodate a religious practice" flows from Title VII's disparate treatment provision. *See id.* at 771–74 (explaining that section 2000e-2(a)(1)'s disparate treatment provision and

section 2000e-2(a)(2)'s disparate impact provision[2] "are the only causes of action under Title VII").

"To account for *Abercrombie*," in *Bailey v. Metro Ambulance Services, Inc.*, we "modifie[d] what we have previously stated as the framework for evaluating religious reasonable-accommodation claims." 992 F.3d 1265, 1275 & n.4 (11th Cir. 2021) (citing *Morrissette-Brown*, 506 F.3d at 1321). In doing so, we specifically noted that there is no heightened discharge or discipline requirement for religious accommodation claims under the disparate treatment provision. *See id.* That's because the disparate treatment provision prohibits *any* employment practice that "discriminate[s] . . . with respect to . . . compensation, terms, conditions, or privileges of employment," including those that fall short of discharge or discipline. 42 U.S.C. § 2000e-2(a)(1); *see, e.g., Crawford v. Carroll*, 529 F.3d 961, 973 (11th Cir. 2008) (concluding a "temporary denial of a merit pay increase" was actionable); *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1300 (11th Cir. 2007) (noting that pay cuts are actionable); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1561 (11th Cir. 1986) (reasoning a demotion that didn't involve a salary reduction was actionable because "[j]ob titles and duties themselves are conditions of employment protected by Title VII").

---

[2] The *Abercrombie* employee didn't rely on the disparate impact provision, *see* 575 U.S. at 772–75, and Staple doesn't either. So we limit our analysis to the disparate treatment provision.

To the extent *Bailey* left any doubt as to what employment practices are actionable for religious accommodation claims under the Title VII disparate treatment provision, the Supreme Court recently erased it in *Muldrow v. City of St. Louis* by holding that the disparate treatment provision only requires *"some harm* respecting an identifiable term or condition of employment." 144 S. Ct. 967, 974 (2024) (emphasis added) ("'Discriminate against' means treat worse . . . ." (citation omitted)). "[S]ome harm" doesn't have to be discharge or discipline. *See id.* at 977 (reasoning that an employee transfer requiring a new uniform, more "administrative work," and more work on weekends caused "some injury"). So the district court erred in concluding that Staple had to allege, as part of his religious accommodation claims, that he was "discharged or disciplined for failing to work during th[e] Sabbath hours."[3] All he had to do was allege some harm respecting an identifiable term or condition of his employment. *See id.* at 974. And he did that by alleging that the school board denied him a reasonable accommodation and forced him to use his paid leave to meet his religious observance. *Cf. Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 71 (1986) ("A provision for paid leave that is part and parcel of the employment relationship may not be doled out in a discriminatory fashion,

---

[3] The district court's reliance on our pre-*Abercrombie* framework was understandable. Both the school board and Staple relied on *Morrissette-Brown* and *Beadle*'s framework when briefing the school board's dismissal motion, and neither party pointed the court to *Abercrombie*, *Bailey*, or what we said about *Abercrombie* in *Bailey*.

even if the employer would be free . . . not to provide the benefit at all." (quotation marks and citation omitted)).

The school board concedes Staple did not have to allege that he was discharged or disciplined. Even so, it contends that we should still affirm the district court's dismissal of the religious accommodation claims for two alternative reasons. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) ("[W]e may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." (citation omitted)).

First, the school board argues that Staple failed to state a reasonable accommodation claim because he did not sufficiently allege a "prima facie case" under *McDonnell Douglas*'s[4] burden-shifting framework. But *McDonnell Douglas* has no role to play here at the pleading stage. Its burden-shifting framework "is an evidentiary tool" affecting the order of proof on summary judgment, "*not* . . . an independent standard of liability." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 944–45 (11th Cir. 2023) ("Often, . . . parties (and sometimes courts) miss this fundamental point and wrongly treat the prima facie case as a substantive standard of liability."). So, "because the components of a prima facie case" under *McDonnell Douglas* "are not necessarily coextensive with the evidence needed to prove an employment discrimination claim," a plaintiff is not required to plead a prima facie case "to survive a motion [to] dismiss."

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*Id*. at 946 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).

Second, the school board argues Staple failed to state a reasonable accommodation claim because it actually accommodated his religious practice.  In its view, requiring Staple to use his paid leave for Sabbath hours on winter Fridays was a reasonable accommodation, although it was not the accommodation Staple preferred.  The school board also suggests that it reasonably accommodated Staple by letting him use unpaid leave.

The school board is right that where an employer is "willing to 'accommodate'" a religious practice, an "adverse action 'because of' the religious practice is not shown."  *See Abercrombie*, 575 U.S. at 772 n.2.  The school board may even ultimately prove that a paid (or unpaid) leave requirement was a reasonable accommodation for Staple's Sabbath observance, just not the one Staple preferred.  *See Beadle*, 29 F.3d at 592 ("The phrase[] 'reasonably accommodate' . . . [is] not defined within the language of Title VII.  Thus, the precise reach of the employer's obligation . . . must be determined on a case-by-case basis.").  But resolving the fact-intensive question whether the school board's leave requirements were reasonable accommodations would be premature at this stage of the case.  Staple's amended complaint sufficiently alleged denial of a reasonable accommodation to survive the motion to dismiss.

In short, Staple did not have to allege he was discharged or disciplined to state a religious accommodation claim under Title VII or the Florida Civil Rights Act.  And the school board has

offered no viable alternative basis to affirm the district court's dismissal of these two claims. Thus, we reverse the district court's dismissal of counts one and two for failure to state a claim.

*Florida Religious Freedom Restoration Act Claim*

The Florida Religious Freedom Restoration Act (the Act) prohibits a state government entity from "substantially burden[ing] a person's exercise of religion, even if the burden results from a rule of general applicability," unless the entity's course of action "[i]s the least restrictive means of furthering [a] compelling governmental interest." Fla. Stat. § 761.03(1).

The district court dismissed Staple's claim under the Act for two reasons: (1) he did not have standing to seek declaratory and injunctive relief under the Act because he did not allege he was likely to run out of paid leave for Sabbath hours, and (2) he failed to state a claim on the merits. Before we can address if Staple stated a claim under the Act, we must consider if he has standing to seek his requested relief. *See Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 999 (11th Cir. 2020) (explaining that we have an independent obligation to assure ourselves of standing).

To have standing, a plaintiff must show (1) an injury in fact that is (2) fairly traceable to the defendant's challenged action and (3) redressable by a favorable decision. *Walters v. Fast AC, LLC*, 60 F.4th 642, 647 (11th Cir. 2023). Staple sufficiently alleged each element here. He has an ongoing economic injury in fact because he's required to use his paid leave to observe Sabbath hours in winter months. *See Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332,

1338 (11th Cir. 2021) (explaining how concrete "injuries can include both straightforward economic injuries and more nebulous injuries, like lost time" (citations omitted)).  That requirement leaves Staple with less paid leave hours, if any, to use as he wants in the present—for sick leave, vacation, or just saving them for future use—regardless of whether he will later run out of paid leave to use for Sabbath hours.  And that ongoing harm is clearly traceable to the school board (who's requiring Staple to use paid leave) and redressable by Staple's requested declaration and injunction, which would stop the school board "from conditioning [Staple]'s observance of Sabbath [h]ours on the exhaustion of accrued paid leave."

The merits are a different matter.  To state a claim under the Act, a plaintiff must allege facts supporting two elements:  (1) "the government has placed a substantial burden on a practice" that is (2) "motivated by a sincere religious belief."  *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1249 (11th Cir. 2019) (quoting *Warner v. City of Boca Raton*, 887 So. 2d 1023, 1032 (Fla. 2004)).  Although the second element's "belief" standard is broad, the first element's "substantial burden" standard is "stringent."  *Id.* at 1250.  A burden is "substantial" only if it "either compels the [plaintiff] to engage in conduct that his religion forbids or forbids him to engage in conduct that his religion requires."  *Warner*, 887 So. 2d at 1033 (citation omitted).  For example, compelling a Catholic priest to testify about what a criminal defendant told him during the sacrament of confession is a substantial burden because his faith prohibits revealing that information.  *Ronchi v.*

*State*, 248 So. 3d 1265, 1267–70 (Fla. Dist. Ct. App. 2018). But mere inconveniences that fall short of compelling forbidden conduct or forbidding required conduct are not enough. *See First Vagabonds Church of God v. City of Orlando*, 610 F.3d 1274, 1290 (11th Cir. 2010), *vacated in part and reinstated in relevant part*, 638 F.3d 756, 763 (11th Cir. 2011) (en banc).

We agree with the district court that Staple did not state a claim under the Act because, although his Sabbath observance is motivated by sincere religious beliefs, the school board has not substantially burdened that practice. The school board does not compel Staple to engage in forbidden conduct like the priest in *Ronchi*. *See* 248 So. 3d at 1269. Staple did not even allege that the school board will force him to work Sabbath hours despite his faith if he runs out of paid leave or that he's ever run out of it. Nor does the school board forbid Staple from abstaining from secular work on the Sabbath as required by his religion. Instead, Staple alleged the exact opposite—that he can do as his religion requires and abstain from working Sabbath hours by using paid leave.

To be sure, the school board's requirement that Staple use paid leave to observe Sabbath hours inconveniences him more than the modified work schedule he had for almost three decades. That modified schedule let him keep his paid leave for sick and vacation time. But the inconvenience of less sick and vacation time, without more, isn't enough under the Act. *See First Vagabonds Church of God*, 610 F.3d at 1291; *Warner*, 887 So. 2d at 1035. Indeed, Florida courts have concluded that more burdensome actions—

like condemning a church building or cancelling a driver's license—were mere inconveniences that did not satisfy the "stringent" substantial burden standard either. *Cambridge Christian Sch., Inc.*, 942 F.3d at 1250; *see Christian Romany Church Ministries, Inc. v. Broward Cnty.*, 980 So. 2d 1164, 1165–66 (Fla. Dist. Ct. App. 2008) (concluding that a county's order condemning a church building through eminent domain did not substantially burden the church's religious exercise, despite how "it may be inconvenient for the church to have to move its location"); *Freeman v. Dep't of Highway Safety & Motor Vehicles*, 924 So. 2d 48, 57 (Fla. Dist. Ct. App. 2006) (concluding that cancellation of the plaintiff's driver's license based on a state statute, which prohibited wearing her headdresses in a driver's license photo, was not a substantial burden).

Because the district court correctly concluded Staple failed to state a claim under the Act, we affirm its dismissal of count three.

## CONCLUSION

Staple did not have to be discharged or disciplined to state religious accommodation claims under Title VII and the Florida Civil Rights Act, so we reverse the district court's dismissal of counts one and two. We remand for further proceedings on those two counts. But we affirm the dismissal of count three's Florida Religious Freedom Restoration Act claim for failure to state a claim.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings**.